IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| COMPASS BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. L-10-08 |
| | § | |
| CELINA VILLARREAL, et al. | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Defendants Robert Roland Reina, II, Robert Roland Reina, Sr., Raymond Reina, and Reina's Ultra Lounge, Inc. (collectively, "the Reinas") move to dismiss for lack of subject-matter jurisdiction. (Dkt. 66.) Plaintiff Compass Bank's original complaint (Dkt. 1) included a number of state-law claims over which the Bank asserted subject-matter diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (Id. at 3.)[1] Compass Bank asserts that Defendants are citizens of Texas and that Compass Bank is a citizen of Alabama. (Id. at 3-4.)[2] However,

---

[1] After the Reinas filed their motion to dismiss, Compass Bank amended its complaint to add claims against all Defendants for civil violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq. (RICO). (Dkt. 68 at 4, 14-16.) Compass Bank asserts that the question of diversity jurisdiction is now "moot" because its RICO claim sufficed to create federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). The Court defers addressing these contentions.

[2] Compass Bank's Amended Complaint alleges that each Defendant

the Reinas assert that "Compass Bank has its principal place of business in Texas, and therefore is a citizen of Texas." (Dkt. 66 at 2.)[3]

Title 28, Section 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." The Supreme Court recently held that the phrase "principal place of business" refers to "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 130 S.Ct. 1181, 1185, 1192 (2010). The Court explained that "in practice," a corporation's principal place of business

---

is a citizen of Texas and offers an address for each Defendant in Laredo, Texas. (Dkt. 68 at ¶¶ 2-12).

[3] Although not all of Defendants have admitted to residing in Texas, none has claimed to be a citizen of Alabama, and the record contains no evidence indicating an Alabama residence for any Defendant. Defendants Robert Reina, Sr., Robert Reina, II, and Reina's Ultra Lounge, state that they are residents of Texas in their answers. (Dkt. 62 at ¶ 12; Dkt. at ¶ 13; Dkt. 64 at ¶ 14.) The answers of Defendants Celina Villarreal and Raymond Reina generally deny the paragraph of Compass Bank's complaint in which the Bank asserts they are Texas citizens. (Dkt. 60 at ¶ 13; Dkt. 65 at ¶ 12.) Aside from this denial, Raymond Reyna has not provided any evidence or made any specific contention that would show that he is not a citizen of Texas. The only evidence in the record regarding Villarreal's citizenship indicates that she lived and worked in Laredo, Texas, from sometime in 1998 until December, 2009. (Dkt. 1-1, Mueller Aff. ¶ 4.) Defendants Yvonne Reina Benavides, Hector Benavides, Jr., Robert Lozano, INXSS Motors, Inc., Rumors, Spirits and More, Inc., and Laredo Cross Fire Youth Services have not filed answers.

"should normally be the place where it maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . . ." Id. at 1192. However, the location of the headquarters is not necessarily the principal place of business if it is "simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have travelled there for the occasion)." Hertz, 130 S.Ct. at 1192.

Compass Bank has supplied documentation showing that it is incorporated and headquartered in Alabama. (Dkt. 69-1, Clanton Decl. ¶ 1, Ex. 1.) The Bank's Management Committee, which is comprised of fourteen of the Bank's fifteen executive officers, "sets all important policies and makes key decisions for Compass [Bank]." (Id. at ¶ 9.) The Bank's executive officers are split between Houston, Texas, and Birmingham, Alabama, except for two officers who live in New York state. (Id. at ¶ 8.) Seven of the executive officers live and work in Birmingham. Six live in Houston and maintain offices there, though three of those six (the Chairman, the Head of Retail Banking, and the Chief Executive Officer and President) also maintain offices at the Bank's Birmingham headquarters. The Texas and New York executives frequently travel to Birmingham, where the Management Committee meets "the vast majority of the time." (Id. at ¶¶ 8-9.) The Birmingham headquarters also contains the Bank's

administrative center and the repository of its records. (<u>Id.</u> at ¶ 7.) Although nearly half of Compass Bank's high-level officers appear to live and work in Texas, the Court finds that the Birmingham, Alabama, headquarters remains the "actual center of direction, control, and coordination" of its activities. <u>Hertz</u>, 130 S.Ct. at 1192, 1194.

Compass Bank's parent company, BBVA Bancshares, Inc., (BBVA) is incorporated in Texas. (Clanton Decl. ¶ 2.) The Reinas argue that BBVA's Texas citizenship should be imputed to Compass Bank. (Dkt. 66 at 6.) However, BBVA's citizenship will control the diversity inquiry only if Compass Bank merely an alter ego of BBVA. See <u>Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.</u>, 138 F.3d 160, 164 (5th Cir. 1998) (subsidiary's activities should not be imputed to parent for purposes of diversity jurisdiction where there is no evidence that the entities should be treated as alter egos.)[4] Although the Reinas assert that it "is likely" that Compass Bank is an alter ego of BBVA (Dkt. 66 at 6), they make no attempt to show

---

[4] In the related context of personal jurisdiction, as long as parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other. <u>Cannon Manufacturing Co. v. Cudahy Packing Co.</u>, 267 U.S. 333, 335 (1925); <u>Hargrave v. Fibreboard Corp.</u>, 710 F.2d 1154, 1160 (5th Cir. 1983) (same); <u>see also Access Telecom, Inc. v. MCI Telecomm., Corp.</u>, 197 F.3d 694, 717 (5th Cir. 1999) ("[T]ypically, the corporate independence of companies defeats the assertion of jurisdiction over one by using contacts with the other.").

the requisite disregard of corporate form or that BBVA intimately controls Compass Bank's internal affairs. See Hargrave v. Fibreboard Corp., 710 F.3d 1154, 1160 (5th Cir. 1983) (an alter ego relationship between two corporations requires more than "100% stock ownership and commonality of officers and directors"); Dickson Marine, Inc. v. Panalina, Inc., 179 F.3d 331, 338 (5th Cir. 1999) ("the burden of making a prima facie showing of such symbiotic corporate relatedness is on the proponent of the agency/alter ego theory.")

The Court concludes that Compass Bank is a citizen of Alabama for purposes of diversity jurisdiction under 28 U.S.C. § 1332. Defendants do not represent that they are citizens of Alabama. The Reinas' motion to dismiss (Dkt. 66) is DENIED.

DONE at Laredo, TX, this 10th day of April, 2010.

George P. Kazen
Senior United States District Judge