```
               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF TEXAS
                      LAREDO DIVISION
```

| | |
|---|---|
| COMPASS BANK, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. L-10-8 |
| § | |
| CELINA VILLARREAL, *et al.*, § | |
| § | |
| Defendants. § | |

## REPORT & RECOMMENDATION

Pending before the Court is Plaintiff Compass Bank's Motion for Entry of Agreed Judgment (Dkt. 70), which has been referred by the District Judge to the undersigned Magistrate Judge for findings of fact and recommendations of law (Dkt. 80). Through the Motion, Plaintiff requests that the Court enter an Agreed Judgment (Dkt. 70, Ex. B) against Defendants Rumors, Spirits and More, Inc., Hector Benavides, and Yvonne Reina-Benavides (collectively, the "RSM Defendants") in accordance with a February 2010 Settlement Agreement (id., Ex. A) entered into between Plaintiff and the RSM Defendants. The RSM Defendants did not file a response to the Motion, and on May 12, 2010, a hearing was held before the undersigned for purposes of addressing the Court's concern with whether the RSM Defendants entered into the Settlement Agreement voluntarily, knowingly, and intelligently. Having reviewed the record, the Magistrate Judge RECOMMENDS that the District Judge GRANT Plaintiff's Motion for Entry of Agreed Judgment (Dkt. 70).

1 / 5

<u>Findings and Conclusions</u>

According to Plaintiff, and as reflected by the terms of the duly executed Settlement Agreement, the RSM Defendants were required to make a Restitution Payment of $272,377.23 to Plaintiff by March 30, 2010. (<u>See</u> Dkt. 70 at pg. 1; <u>id.</u>, Ex. A at ¶ II.A.1.) Plaintiff states and the Settlement Agreement reads further that failure to timely make the Restitution Payment automatically entitles Plaintiff to entry of the Agreed Judgment, itself executed concurrently with the Settlement Agreement by the RSM Defendants. (<u>See</u> <u>id.</u> at pg. 2; <u>id.</u>, Ex. B at ¶ II.A.6.) Sarah P. Santos, Corporate Counsel for Plaintiff Compass Bank, has filed an affidavit declaring that the RSM Defendants did not timely make the Restitution Payment as otherwise required by the terms of the Settlement Agreement. (<u>Id.</u>, Ex. C.)

In accordance with the Court's orders made at the hearing, Defendants Hector Benavides and Yvonne Reina-Benavides have filed affidavits attesting to the nature of their respective mental states at the time they entered into the Settlement Agreement. (<u>See</u> Dkt. 83, 84.) Defendants Benavides and Reina-Benavides attest that they received, personally reviewed, and signed both the Settlement Agreement and Agreed Judgment on February 16, 2010. Each also attest that at the time of making their respective signatures and at all times throughout these

proceedings, they have been of sound mind and competent to execute all documents entered in this matter. Both Defendants Benavides and Reina-Benavides attest that they were not coerced or influenced in any way shape or form to sign the Settlement Agreement or Agreed Judgment, and that they fully understood the terms of each, said documents having been reviewed and explained to them by their attorney in this matter. Defendant Hector Benavides, who appears to have executed both the Settlement Agreement and Agreed Judgment on behalf of Defendant Rumors, Spirits and More, Inc., attests that he is an authorized representative of Defendant Rumors, Spirits and More, Inc. Defendants Benavides and Reina-Benavides attest that they understood that the Settlement Agreement called for the $272,377.23 Restitution Payment by March 30, 2010. In this regard, Defendants Benavides and Reina-Benavides attest that Plaintiff has received between $80,000 and $90,000 towards the amount owed, and that it is their intention to pay the amounts owed and due by June 2010.

    Having reviewed the record, the Magistrate Judge finds that the Settlement Agreement was entered into voluntarily by the RSM Defendants and that the RSM Defendants had a full understanding of its terms and conditions. More specifically, the Magistrate Judge finds that the RSM Defendants knew and understood that as a consequence of their failure to timely make the Restitution

Payment, Plaintiff would be entitled to entry of the Agreed Judgment, which the Court finds was also executed voluntarily and with a full understanding of its terms and conditions by the RSM Defendants. Based on these findings, the Magistrate Judge concludes that the Settlement Agreement is an enforceable contract under the laws of the State of Texas, <u>see generally</u>, <u>Harris v. Balderas</u>, 27 S.W.3d 71 (Tex.App.—San Antonio 2000, pet. denied) (citing <u>Copeland v. Alsobrook</u>, 3 S.W.3d 598, 604-05 (Tex.App.—San Antonio 1999, pet. denied)), and that the RSM Defendants' failure to timely make the Restitution Payment entitles Plaintiff pursuant to said Settlement Agreement to entry of the Agreed Judgment against the RSM Defendants in this matter.

## RECOMMENDATION

Therefore, the Magistrate Judge RECOMMENDS that the District Judge GRANT Plaintiff's Motion for Entry of Agreed Judgment (Dkt. 70).

## Objections and Warnings

The parties may file specific written objections to the proposed findings, conclusions, and recommendations contained in this Report. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(2). A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report within fourteen (14) days after service shall bar that

party from *de novo* review by the District Judge of those proposed findings, conclusions, and recommendations and, except upon grounds of plain error, shall also bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 150-53 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

### Stipulated Waiver of Objections Period

The parties are hereby ADVISED that they are free to stipulate to waiver of the fourteen (14) day period for the filing of objections to the Magistrate Judge's Report, thereby making the Report available for immediate review by the District Judge. Any such joint stipulation must be executed by counsel and filed with the Court no later than May 21, 2010.

IT IS SO ORDERED.

SIGNED this 17th day of May, 2010.

_____
Diana Saldaña
United States Magistrate Judge