o

```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                           LAREDO DIVISION
```

| | | |
|---|---|---|
| COMPASS BANK, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. L-10-8 |
| CELINA VILLARREAL, *et al.*, | § | |
| | § | |
|     Defendants. | § | |

<u>MEMORANDUM AND ORDER</u>

On April 1, 2010, Plaintiff Compass Bank filed a motion (Dkt. 70) requesting that the Court enter an agreed judgment (Dkt. 70-2) against Defendants Hector Benavides, Yvonne Reina-Benavides, and Rumors, Spirits and More, Inc. (collectively, the RSM Defendants). The RSM Defendants did not respond to the Bank's motion. On May 7, 2010, the Court referred the motion to Magistrate Judge Diana Saldaña for findings of fact and recommendations of law. (Dkt. 80.) Judge Saldaña held a hearing on May 12, 2010, and then issued a Report and Recommendation (Dkt. 86) recommending that the District Court grant Compass Bank's motion. (<u>Id.</u> at 1.) Neither party has objected to the Report and Recommendation.

<u>I. DISCUSSION</u>

Compass Bank sought the agreed judgment on the basis of a settlement agreement (Dkt. 70-1) under which the RSM Defendants

agreed to pay the Bank $272,377.23 of restitution by March 30, 2010. (Dkt. 70-1 at ¶ II.A.1.) Paragraph II.A.6 of the agreement states:

> If Compass Bank does not make [sic] the Restitution Payment by March 30, 2010, the RSM Defendants agree, without further notice, to the entry of an Agreed Judgment against each of them, jointly and severally. Concurrently with the execution of this Agreement, the Parties have also executed an Agreed Judgment, which is attached hereto as Exhibit A. Compass Bank's counsel shall retain this fully-executed Agreed Judgment in their files pending receipt of the Restitution Payment. When Compass Bank receives the Restitution Payment, Compass Bank's counsel shall send the fully-executed Agreed Judgment to RSM Defendants' counsel.

(Dkt. 70-1 at ¶ II.A.6.)[1] The Bank filed a copy of a proposed agreed judgment, which is signed by the RSM Defendants and their attorney of record in this case, Marco Montemayor. (Dkt. 70-2 at 4.) The proposed agreed judgment states:

> [I]t is stipulated and agreed between Compass Bank . . . and the RSM Defendants . . . as follows: If the RSM Defendants did not make the payment of $272,377.23 under the Promissory Note as required by paragraph 2.A.1 of the Settlement Agreement on or before March 30, 2010, the RSM Defendants have agreed that they have breached the Settlement Agreement; Upon the Declaration of Compass Bank with respect to the RSM Defendants' breach of the Settlement Agreement, and no other showing of proof, and as evinced by the signature of the RSM

---

[1] The use of the word "make" rather than "receive" in the first line of this Paragraph II.A.6 appears to be an inadvertent typographical error in light of the agreement's other provisions, the parties' proposed agreed judgment (Dkt. 70-2), and the RSM Defendants' affidavits (Dkt. Nos. 83, 84). It is plain that the parties intended Paragraph II.A.6 to read "[i]f Compass Bank does not <u>receive</u> the Restitution Payment by March 30, 2010 . . . ," and that they executed the agreement with this understanding of its meaning.

> **Defendants and their attorney below, Compass Bank is authorized to file, have entered, and enforce this Agreed Judgment against the RSM Defendants . . . in the amount of $272,377.23 . . . .**

(Dtk. 70-2 at 2.)  The Bank has filed an affidavit from its corporate counsel, Sarah P. Santos, stating that "[a]s of 5:00 p.m. on March 31, 2010, the RSM Defendants had not made the Restitution Payment of $272,377.23 as required by the Settlement Agreement."  (Dkt. 70-3.)

After the hearing before Judge Saldaña, Defendants Hector Benavides and Yvonne Reina-Benavides have filed affidavits (Dkt. Nos. 83, 84) attesting that on February 16, 2010, they each received, reviewed, and signed both the settlement agreement and the proposed agreed judgment.  They also attest that they signed the agreement and proposed agreed judgment voluntarily and with sound mind, after the terms of those documents were explained to them by counsel.  Both affidavits state:

> I understood that the settlement agreement called for the payment of the total amount of $272,377.23 by March 30, 2010.  To date Compass Bank has received between $80,000.00 and $90,000.00 towards the amount owed.  It is still my intention to pay the amounts owed and due by June 2010.

(Dkt. 83 at 1; Dkt. 84 at 1.)  Hector Benavides, who executed the agreement and proposed agreed judgment on behalf of Rumors, Spirits and More, attests that he is an authorized representative of that entity.  (Dkt. 84 at 1.)

Judge Saldaña found that the agreement was entered voluntarily, and that the RSM Defendants fully understood its terms, particularly that failure to pay the Bank $272,377.23 by March 30, 2010, would entitle the Bank to a judgment for that amount.  (Dkt. 86 at 3-4.)  Having independently reviewed the record and considered the applicable law, the Court will adopt the findings of fact and recommendations of law set forth in the Magistrate Court's Report and Recommendation of May 17, 2010.

The agreed judgment states "Postjudgment interest is due and payable on $272,377.23 allowable by law at the highest rate allowable from the date this judgment is entered until the date this judgment is paid."  (Dkt. 70-2 at 2-3.)  Federal law governs post-judgment interest on this Court's judgments.  <u>Meaux Surface Prot., Inc. v. Fogleman</u>, ____ F.3d ____, No. 09-20234, 2010 WL 1956280 at *9 (5th Cir., Mar. 17, 2010).  Title 28, United States Code, Section 1961 provides that post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. [sic] the date of the judgment."  For the week ending on June 11, 2010, the average 1-year constant maturity Treasury yield was 0.33%.  There is some authority that parties may vary the post-judgment interest rate by agreement.  <u>See</u>, <u>e.g.</u> <u>Citicorp</u>

Real Estate, Inc. v. Smith, 155 F.3d 1097, 1107-08 (9th Cir. 1998). However, the proposed agreed judgment's language regarding interest fails to evince whether the parties reached such an agreement, much less a specific rate. The Court will apply the statutory rate.

The proposed agreed judgment also states that "[t]he Parties agree and the Court specifically finds that the Restitution Payment is not dischargeable in bankruptcy because the funds received by the RSM Defendants constitute funds received under false pretenses. . . ." (Dkt. 70-2 at 2.) Title 11, Section § 523, sets forth certain categories of monetary obligations which cannot be discharged in bankruptcy, including an obligation to repay money obtained by "false pretenses, a false representation, or actual fraud . . . ." 11 U.S.C. § 523(a)(2)(A). In the event that the RSM defendants were to file bankruptcy, the dischargeability of the debt would be "'solely the province of the bankruptcy court . . . .'" In re Schuler, 722 F.2d 1253, 1256 (5th Cir. 1984)(quoting Franks v. Thomason, 4 B.R. 814, 820-21 (Bankr. N.D. Ga. 1980)); see also In re Poston, 735 F.2d 866, 869 (5th Cir. 1984). Moreover, it is not necessary for this Court to decide that issue before entering the agreed judgment. If the discharge issue does later arise, detailed factual findings would be necessary for a bankruptcy court to find the debt non-dischargeable. Poston,

735 F.2d at 869; Schuler, 722 F.2d at 1257. Presumably the Defendants' admissions would be highly probative in that regard. Rather than enter the parties' proposed agreed judgment, the Court will enter a judgment of its own composition, consistent with the parties' agreement and this Memorandum.

## II. CONCLUSION

The Magistrate Court's Report and Recommendation of May 17th, 2010 (Dkt. 86), is ADOPTED. Compass Bank's motion for entry of agreed judgment (Dkt. 70) is GRANTED. The preliminary injunction of February 23rd, 2010 (Dkt. 59), is DISSOLVED with respect to Defendants Hector Benavides, Yvonne Reina-Benavides, and Rumors, Spirits and More, Inc. The RSM Defendants aver that since signing the settlement agreement they have already paid the Bank $80,000 to $90,000 in restitution. (Dkt. 83 at 1; Dkt. 84 at 1.) For purposes of assessing post-judgment interest and the amount of the principal judgment debt that remains due, it is ORDERED that any such payments shall be deemed to have been made in partial satisfaction of the judgment debt on the day that the judgment is issued. The parties' proposed agreed judgment (Dkt. 70-2) shall <u>not</u> be considered the Court's judgment.

DONE at Laredo, TX, this 14th day of June, 2010.

_____
George P. Kazen
Senior United States District Judge