o

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| Compass Bank, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. L-10-08 |
| | § | |
| Celina Villarreal, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiff Compass Bank's "Request for Entry of Default and Motion for Default Judgment" against Defendants Robert Lozano and INXSS Motors, Inc. (Dkt. 91, Mt. Default. J.) The motion is supported by a declaration by one of Compass Bank's counsel of record, Barbara Whiten Balliette. (Dkt. 91-4, Balliette Decl., June 16, 2010.)

BACKGROUND

Compass Bank filed its original complaint on February 3, 2010. (Dkt. 1.) Defendant Lozano was served with a summons and a copy of the original complaint on February 5, 2010. (Dkt. 23.)[1] Lozano's counsel of record is Attorney Andres Ramos. Attorney Ramos was present at a preliminary hearing on February

---

[1] Lozano was served as an individual defendant and as the registered agent of INXSS.

10, 2010, although Ramos did not at that time formally appear on behalf of Lozano or INXSS.

Shortly after Compass Bank filed its original complaint, Lozano and the other individual Defendants agreed with the Bank to conduct expedited depositions and written discovery regarding Defendants' assets.  (Dkt. 33, Order of Feb. 10, 2010.)  In an Order of February 10, 2010, the Court ordered depositions and written discovery according the parties' agreed schedule.  (Id.) Attorney Balliette avers that Lozano appeared for the limited deposition on February 17th, 2010.  (Balliette Decl. ¶ 9.) Responses to Compass Bank's expedited written discovery requests were due on February 22, 2010.  (Order of Feb. 10, 2010, p. 1.) However, Balliette avers that neither Lozano or INXSS has responded to the Bank's requests.  (Balliette Decl. ¶ 9.) Attorney Ramos filed a notice of appearance as Lozano's attorney of record on February 22, 2010.  (Dkt. 54.)  No notice of appearance has been filed for INXSS.  However, Ramos is listed on the docket sheet as INXSS's counsel, and he signed the Agreed Protective Order of February 23, 2010 as "Counsel for Robert Lozano and INXSS Motors, Inc."  (Dkt. 55 at 8.)  Ramos appeared on behalf of Lozano at the first of two preliminary injunction hearings held on February 23, 2010.  (1st Minute Entry of Feb. 23, 2010.)

Under Rule 12, Fed. R. Civ. P., the deadline to file answers to the Bank's original complaint was March 3, 2010. See Rule 12(a)(1)(A)(i) (responsive pleading due 21 days after service of summons and complaint). Lozano and INXSS did not file answers to the original complaint. On April 4, 2010, the Bank and Defendants Celina Villarreal, Robert R. Reina, II, Robert R. Reina, Sr., Raymond Reina, and Reina's Ultra Lounge, Inc., filed a motion for entry of an agreed scheduling order. (Dkt. 77.) The motion stated that Lozano and INXSS did not join the motion, and that "Lozano and INXSS Motors have not responded to Compass Bank's requests concerning the schedule or the joint motion." (Id. at 1.) Lozano failed to appear at his deposition, noticed for April 7, 2010. (Balliette Decl. ¶ 9; Dkt. 91-2 at pp. 67-75, Certificates of Non-appearance.)

Compass Bank filed its first amended complaint on March 22, 2010. (Dkt. 68.) Electronic notice of that filing was sent to Attorney Ramos. (ECF Electronic Notice Receipt for Dkt. 68.) Answers to the first amended complaint were due on April 8, 2010. Lozano and INXSS did not file answers to the first amended complaint until July 1, 2010, 18 days after Compass Bank filed the instant motion for entry of default. (See Dkt. Nos. 95, 96.)[2]

---

[2] Lozano's and INXSS's answers are both titled "Response to Plaintiff Compass Bank's Original Complaint." However, the

## APPLICABLE LAW

Rule 55, Fed. R. Civ. P., calls for the Clerk of the Court to enter a default when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." The party seeking default must then apply to the Court for a default judgment, unless the claim is "for a sum certain or a sum that can be made certain by computation . . . ." Rule 55(b)(1), (2), Fed. R. Civ. P. Whether to enter default or issue a default judgment is "'committed to the discretion of the district judge.'" Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (quoting Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977)). "[A] 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" Id. (quoting Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1989)). Moreover, "'[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" Id. (quoting Sun Bank of Ocala v. Pelican Homestead and Savings

---

answers' substance appears to have been written in response to the first amended complaint. Both answers consist of 163 paragraphs, each responding to a paragraph in the complaint being answered. (Dkt. 95, Lozano Answer, ¶¶ 1-163; Dkt. 96, INXSS Answer, ¶¶ 1-163.) Compass Bank's original complaint has only 138 paragraphs, while the first amended complaint has 163 paragraphs. (Compare Dkt. 1, with Dkt. 68.) The Court construes Lozano's and INXSS's July 1, 2010, pleadings as answering Compass Bank's first amended complaint, rather than the superseded original complaint. See Rule 8(e), Fed. R. Civ. P. ("Pleadings must be construed so as to do justice.")

Ass'n, 874 F.2d 274, 276 (5th Cir. 1989)). However, default judgments are typically appropriate only when a party has abandoned the case and "'the adversary process has been halted because of an essentially unresponsive party.'" Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n, 874 F.2d 274, 276 (5th Cir. 1989).

Lozano and INXSS appear to have severely neglected their duties to file timely answers and participate in discovery, but the Court will not resort to the sanction of default judgment at this time. Lozano's and INXSS's recently filed answers indicate that they do not intend to abandon defending this suit, and there is a wide range of lesser sanctions available to address their procedural lapses. Cf. Gonzalez v. Trinity Marine Group, Inc., 117 F.3d 894, 899 (5th Cir. 1997) (reversing sanction of dismissing a claim with prejudice in part because the district court "had available a wide selection of sanctions" sufficient to address a plaintiff's "egregious actions").

It is unacceptable for a litigant to wait until he is threatened with a default judgment before attending to his duty to file a pleading. It is also unacceptable to simply file an answer and ignore all other obligations in the case. Compass Bank is entitled to be made whole for having had to file the instant motion to force Lozano and INXSS to attend to their duties. See Chambers v. Nasco, Inc., 501 U.S. 32, 45 (1991)

(observing that the severe sanction of "outright dismissal . . . is within the court's discretion," and that "[c]onsequently, the 'less severe sanction' of an assessment of attorney's fees is undoubtedly within a court's inherent power as well." (quoting <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 765 (1980)).

CONCLUSION

Lozano and INXSS are ORDERED to do the following, on or before August 11, 2010:

(1) Provide the Court and the other parties with the disclosures required under Rule 26(a);

(2) Respond to the Bank's expedited written discovery requests regarding Lozano's and INXSS's assets;

(3) Contact Compass Bank's counsel to arrange for Lozano to be deposed at a time well before the close of discovery on September 3, 2010;

(4) Show cause as to why the Court should not order that Lozano and INXSS pay the costs and attorney's fees Compass Bank incurred in the preparation and filing of the motion for default judgment and its supporting exhibits;

(5) Show cause as to why the Court should not order that Lozano and INXSS pay the costs and attorney's fees incurred by the parties (Compass Bank and Defendant Villarreal) who appeared for Lozano's deposition scheduled April 7, 2010.

Lozano and INXSS are ORDERED to respond to any subsequent written interrogatories, requests for written discovery, or requests for admissions from Compass Bank within the time limits provided by Rules 33(b)(2), 34(b)(2)(A), and 36(3). Regarding those items for which these deadlines have already passed, the Bank is free to seek the various sanctions and other remedies provided in the Rules.

Compass Bank's "Request for Entry of Default and Motion for Default Judgment" (Dkt. 91) is DENIED.

DONE at Laredo, TX, this 26th day of July, 2010.

_____
George P. Kazen
Senior United States District Judge